IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY ROBINSON, | : | |
| Plaintiff, | : | Case No. 3:07cv010 |
| vs. | : | JUDGE WALTER HERBERT RICE |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #10) IN PART AND NOT RULING UPON SAME IN PART; PLAINTIFF'S OBJECTIONS (DOC. #11) TO SAID JUDICIAL FILING SUSTAINED IN PART AND NOT RULED UPON IN PART; CAPTIONED CAUSE REMANDED TO DEFENDANT COMMISSIONER FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THIS OPINION; JUDGMENT TO ENTER ACCORDINGLY; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On August 3, 2007, the United States Magistrate Judge filed a Report and Recommendations (Doc. #10), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed.  Based upon this Court's thorough de novo review of its file, including the Administrative Transcript (filed

with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in part and does not rule upon same in part, and, in so doing, vacates the Order of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remands the captioned cause to the Defendant Commissioner for further proceedings not inconsistent with this Opinion. In so doing, this Court concludes that the Commissioner's decision was not supported by substantial evidence and that, moreover, the Commissioner's analysis at Step 5 was in error. The Plaintiff's Objections to said judicial filing (Doc. #11) are sustained in part and not ruled upon in part. Accordingly, the decision of the Defendant Commissioner is vacated.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654

(6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v.

Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

    1.    While this Court has no quarrel with the Defendant Commissioner's failure to give controlling weight to Plaintiff's treating physician's opinion of disability, given that said physician's report was not well supported by medically acceptable clinical and laboratory techniques, the Defendant Commissioner, in this Court's opinion, erred by not giving said treating physician's opinion significant

weight, given that the record as a whole does, in fact, contain medically acceptable clinical and laboratory techniques, constituting objective indicia in support of said treating physician's opinion.

2. While the Sixth Circuit has made it clear that the Dictionary of Occupational Titles is not the only basis for defining the characteristics of jobs occurring in the national economy, *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994), the binding rules of the Defendant Commission require that the occupational evidence provided by a Vocational Expert should "generally be consistent with the occupational information supplied by the Dictionary of Occupational Titles.  When there is an apparent unresolved conflict between the Vocational Expert and the Dictionary of Occupational Titles, the hearing officer must elicit a reasonable explanation for the conflict before relying on the Vocational Expert's evidence to support a determination or decision about whether a claimant is disabled."  In this matter, it is uncontroverted that the Administrative Law Judge never asked the Vocational Expert whether his testimony was consistent with the Dictionary and, if not, why not.  The failure to address this issue with the Vocational Expert, and to attempt to resolve any inconsistencies, means that the Commissioner's decision, to the extent same was based upon the testimony of the Vocational Expert at Step 5, was not based upon substantial evidence.

3. This Court makes no ruling upon the Plaintiff's Objections to that portion of the Magistrate Judge's Report and Recommendations dealing with

Plaintiff's allegations of disabling pain.  Magistrate Judge's Report and Recommendations, Doc. #10, at 12-14.

WHEREFORE, based upon the aforesaid, this Court rejects, in part, the Report and Recommendations of the United States Magistrate Judge (Doc. #10), having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #11) are sustained in part and not ruled upon in part.  Judgment will be ordered entered, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for proceedings not inconsistent with this opinion, to wit: to give significant, albeit not controlling, weight to the Plaintiff's treating physician and to properly perform the required Step 5 analysis discussed herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 25, 2008　　　　　　　　　　　　/s/ Walter Herbert Rice
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　WALTER HERBERT RICE, JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.